OPINION OF THE COURT
Memorandum.
*60 Judgment unanimously modified by vacating the award as against the individual defendant and by dismissing the action insofar as asserted against him, and by reducing the amount of the award as against the corporate defendant to the principal sum of $950; as so modified, affirmed without costs.
Plaintiff Yoo, a pianist, and plaintiff Choi, her husband, brought the instant small claims action against defendants Piano Post Inc. (a piano broker) and M.J. Moore (its president) to recover damages for alleged misrepresentations regarding the condition of a Steinway piano purchased from the broker and for breach of contract for failing to tune, voice and regulate the piano. The contract of sale indicated that the piano was built in 1982 and was in original condition, and contained a handwritten notation that there was “no Teflon in the hammershanks.” After the purchase, plaintiffs discovered that some components of the piano had been replaced, and that other components, although not the hammershanks, contained Teflon. Following a trial, the court found plaintiffs’ proof insufficient to establish that the piano was not original, but found that defendants had breached the contract in failing to provide a Teflon-free piano.
In our opinion, “substantial justice has not been done between the parties according to the rules and principles of substantive law” (UJCA 1807) and the judgment, therefore, should be modified. Although Ms. Yoo apparently testified that she told Mr. Moore at the time of purchase that the piano should not contain any Teflon, and that he represented to her that this piano was Teflon free, such parol evidence should not have been considered by the trial court. The parol evidence rule operates to exclude any prior or contemporaneous oral agreements or representations when offered to contradict, vary, add to or subtract from the terms of an agreement which has been reduced to writing (Prince, Richardson on Evidence § 11-101 [Farrell 11th ed]). It is more than a rule of evidence, but is a rule of substantive law, which defines the limits of the contract (see Fogelson v Rackfay Constr. Co., 300 NY 334 [1950]), and thus is applicable to a small claims action (see UJCA 1804). An oral agreement may be proven only if it is not “so clearly connected with the principal transaction as to be part and parcel of it,” and the court must look to the surrounding circumstances in order to determine whether or not the oral agreement was of such nature that the parties would have been expected to have made it part of the written agreement (Fogelson, 300 NY at 338 [internal quotation marks omitted]). In view of plaintiff Yoo’s *61 claim that as a condition of purchase she insisted that the piano not contain any Teflon components, it would seem reasonable to expect that if the parties did in fact agree that the entire piano was to be Teflon free, such requirement would have been incorporated into the sales contract, particularly since the sales contract contained a specific handwritten notation stating that there was no Teflon in the hammershanks (as opposed to in the entire piano). Accordingly, the court erred in awarding her $1,797 for removal of the Teflon.
With respect to that portion of the judgment which awarded plaintiff $950 for tuning, voicing and regulation of the piano, it was uncontroverted at trial that said services, although provided for in the contract, were not performed by defendants. Since no argument was raised on appeal concerning the propriety of the award, that portion of the judgment is left undisturbed.
However, inasmuch as it appears that plaintiff Yoo dealt with the individual defendant only in his capacity as an officer of the corporate defendant, the court below should have dismissed the action as against him and awarded judgment solely against the corporate defendant.
McCabe, P.J., Rudolph and Angiolillo, JJ., concur.